KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
DAVID A. CARRASCO, State Bar No. 160460
Supervising Deputy Attorney General
LISA A. TILLMAN, State Bar No. 126424
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 327-7872
 Fax: (916) 324-5567
 E-mail: Lisa.Tillman@doj.ca.gov
*Attorneys for Defendants and Appellees
Matthew Cate and Edmund G. Brown, Jr.*

Steven H. Frankel (SBN 171919)
SNR DENTON US LLP
525 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
Email: steven.frankel@snrdenton.com
*Attorneys for Plaintiff
Gloria L. Johnson-Ester, as Guardian for and
on Behalf of Montell Johnson a.k.a. Marcellus Bates*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **GLORIA JOHNSON-ESTER,** | 2:10-cv-00876-JAM-GGH |
| Plaintiff and Appellant, | **STIPULATED PERMANENT INJUNCTION AND ORDER** |
| v. | |
| **EDMUND G. BROWN, Jr., Governor of the State of California; MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation; ROBIN DEZEMBER,** | Judge: The Honorable John A. Mendez |
| Defendants and Appellees. | |

1

**THE PARTIES STIPULATE AS FOLLOWS:**

**I. PARTIES**

This Stipulation is entered into by Plaintiff-Appellant Gloria Johnson-Ester, as guardian of Montell Johnson, a.k.a. Marcellus Bates, and Defendants-Appellees Matthew Cate, as Secretary of the California Department of Corrections and Rehabilitation (CDCR) and Edmund G. Brown, Jr., as Governor of the State of California, on behalf of all Defendants who are or were ever parties to this lawsuit.

**II. RECITALS**

A.   In 1997, Montell Johnson was convicted of murder by a California state court and sentenced to life without parole.

B.   Under the terms of an Executive Agreement between the Governors of Illinois and California, Montell Johnson was transferred to Illinois correctional authorities in 1998 to be tried for a different murder in Illinois. The Illinois criminal court found Montell Johnson guilty of murder and sentenced him to death. In 2003, Montell Johnson's death sentence was commuted to a sentence of forty years.

C.   By 2008, Mr. Johnson had developed advanced multiple sclerosis that has rendered him severely physically debilitated. In October 2008, the Governor of Illinois granted Montell Johnson medical clemency and commuted his sentence to time served. The parties understand that Mr. Johnson has not yet been released from his incarceration in Illinois but will be in the near future.

D.   The parties understand that Mr. Johnson is subject to and will serve a three-year period of Mandatory Supervised Release (parole) under Illinois law for his Illinois conviction. The parties further understand that the three-year parole period will commence on the date of Mr. Johnson's release from incarceration in a correctional center of the Illinois Department of Corrections. By separate agreement, the Illinois Department of Corrections has agreed to notify CDCR before Mr. Johnson's parole period ends in Illinois.

E.   CDCR requested the return of Montell Johnson to the State of California to serve his California sentence for murder.

F.   On August 31, 2009, Plaintiff Johnson-Ester filed an action for injunctive relief in the United States District Court, Northern District of Illinois, case 09C5384. Judge Dow was assigned to the case. Defendants filed a motion to change venue and a motion to dismiss.

G.   Judge Dow appointed Dr. Skias, a neurologist from the University of Illinois, to examine Montell Johnson. In a report dated March 2, 2010, Dr. Skias stated that Montell Johnson had advanced multiple sclerosis with many severe and fixed neurological deficits. Dr. Skias found a sudden change in Montell Johnson's neurological status "very unlikely to occur."

H.   On April 9, 2010, Judge Dow transferred this action to the Eastern District of California, case 2:10-cv-00876. Magistrate Judge Hollows entered Findings and Recommendations granting Defendants' motion to dismiss. Judge Mendez adopted the Findings and Recommendations, and entered a judgment of dismissal. Plaintiff appealed the judgment of dismissal to the Ninth Circuit Court of Appeals, case 10-17114. Plaintiff has filed a motion to dismiss her appeal in Ninth Circuit Court of Appeals, case 10-17114, under Federal Rule of Appellate Procedure 42(b), with entry of the dismissal conditioned upon this Court's approval of this Stipulation.

**III.   TERMS AND CONDITIONS**

A.   The parties now agree to settle all claims and causes of action arising out of the facts and issues recited in the complaint and appeal filed by Plaintiff in the matter entitled *Gloria Johnson-Ester v. Governor*, United States District Court, Eastern District of California, case 2:10-cv-00876, and Ninth Circuit Court of Appeals, case 10-17114. The parties intend that this Stipulation shall be a full and final accord and satisfaction and release of every disputed matter. By signing this Stipulation, Plaintiff releases all Defendants from all claims, past, present and future, known or unknown, which arise or could arise from the facts and claims alleged in the underlying complaint entitled *Gloria Johnson-Ester v. Governor*, United States District Court of the Eastern District of California, case 2:10-cv-00876, and the appeal before the Ninth Circuit

PDF created with pdfFactory trial version www.pdffactory.com

Court of Appeals, case 10-17114.

B.	This Stipulation is the compromise of various disputed claims and is not and shall not be treated as an admission of liability by any of the parties for any purpose. The signature of or on behalf of the respective parties does not indicate or acknowledge the validity or merits of any claim or demand of the other party.

C.	Each side shall bear their own attorney fees and costs arising from this action, entitled *Gloria Johnson-Ester v. Governor*, United States District Court for the Eastern District of California, case 2:10-cv-00876, and the Ninth Circuit Court of Appeals, case 10-17114.

D.	Plaintiff agrees to waive any and all rights to challenge the commencement date and length of Montell Johnson's Illinois parole period in any judicial or administrative proceeding.

E.	Montell Johnson will not return to the State of California at any time except as provided for in paragraph G below.

F.	Montell Johnson will not seek to hold these Defendants, the State of California, and any of its agencies, officers, or employees, responsible for any costs or fees associated with his past, present or future medical, physical, or mental-health care needs arising from any known or unknown conditions. Plaintiff acknowledges that she is familiar with, and expressly waives, on behalf of Montell Johnson, the provisions of California Civil Code section 1542 which states:
> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

G.	In consideration of the fact that Montell Johnson no longer poses a threat to society due to his debilitating medical condition and physical incapacitation, Matthew Cate, in his official capacity as Secretary of CDCR, and his successors, is permanently enjoined from seeking Montell Johnson's return to California to serve the remainder of his California sentence. At the conclusion of his parole period in Illinois, the Secretary of CDCR can bring a motion in this Court to lift this injunction if Mr. Johnson's medical condition has improved to the point that he can reasonably be determined to pose a threat to public safety.

PDF created with pdfFactory trial version www.pdffactory.com

H.	This Stipulation may be executed simultaneously in one or more counter-parts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

I.	This Stipulation constitutes a single, integrated agreement expressing the entire agreement of the parties, and there are no other agreements, written or oral, express or implied, between the parties, except as set forth in this Stipulation.

J.	If any provision in this Stipulation is determined by a court of competent jurisdiction to be invalid, illegal, or otherwise unenforceable, that provision shall be deemed to have been deleted from this Stipulation, while the remaining provisions of this Stipulation shall remain in full force and effect according to their terms.

K.	This Stipulation shall be governed by and interpreted under the laws of the State of California.  The forum shall be the United States District Court, Eastern District of California.

The undersigned agree to the above:

```
Dated:  5/12, 2011              By:     /s/ Harold C. Hirshman_____
                                        Harold C. Hirshman, Esq.
                                        Camille Bennett, Esq.
                                        Steven H. Frankel, Esq. (SBN 171919)
                                        SNR Denton US LLP
                                        Counsel for Plaintiff-Appellant Gloria Johnson
Dated:  5/12, 2011              By:     __/s/ Lisa Tillman_____
                                        Lisa Tillman, Esq.
                                        Deputy Attorney General
                                        Office of the Attorney General
                                        Counsel for Defendants-Appellees
                                        Matthew Cate and Governor Edmund G. Brown, Jr.
```

**ORDER AND PERMANENT INJUNCTION**

After reviewing the Stipulation entered into between Plaintiff Gloria Johnson-Ester, as guardian of Montell Johnson, and Defendants Cate and Governor Brown, this Court approves the terms and conditions of the Stipulation and permanent injunction, and adopts them as an order of this Court.

IT IS SO ORDERED.

```
Dated: 5/17/2011                        /s/ John A. Mendez_____
                                        John A. Mendez
                                        United States District Judge
```

5

PDF created with pdfFactory trial version www.pdffactory.com